1  KAREN S. LINDHOLDT, P.S.
   Attorney at Law
2  1020 N. Washington
   Central Pointe Professional Bldg.
3  Spokane, WA 99201
   Telephone: 509-744-1100
4  Fax: 509-326-2932
   Email: justice@winning.com
5
6  Attorney for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 25 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

7           UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WASHINGTON
8

9  CAROLINE SIDERIUS,           )   No. CV-11-032-WFN
                                )
10           Plaintiff,          )
                                )
11      v.                      )   COMPLAINT
                                )
12 BANK OF AMERICA, NA; BAC      )
   HOME LOANS SERVICING, LP;    )
13 TRANS UNION LLC; EQUIFAX     )   **DEMAND FOR JURY TRIAL**
   INFORMATION SERVICES, LLC;   )
14 and EXPERIAN INFORMATION     )
15 SOLUTIONS, INC.,             )
                                )
16           Defendants.         )
   _____

17         COMES NOW the Plaintiff, CAROLINE SIDERIUS, by and through her

18 attorney of record, KAREN S. LINDHOLDT, and for claims against the above-

19 named Defendants, alleges as follows:

20

21

22

23

24 Complaint
25 Page 1 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act) in connection with defendants' furnishing and reporting of false adverse information on Plaintiff's credit report.

## PARTIES

2. Plaintiff Caroline Siderius is an adult individual and natural person, resident and citizen of the State of Washington. Ms. Siderius is a "consumer" as that term is contemplated in §1681a(c) of the Act.

3. Defendant Bank of America, NA ("Bank of America"), is a mortgage lender that is licensed to transact business in the United States, including in the states of Washington and Alabama.

4. Defendant BAC Home Loans Servicing, LP ("BAC"), is a mortgage servicer that is licensed to transact business in the United States, including the states of Washington and Alabama.

5. BAC is a subsidiary of Bank of America and at all time relevant serviced home mortgage loans held by Bank of America.

Complaint
Page 2 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

6. Bank of America and BAC were at all times relevant furnishers of information to consumer reporting agencies as contemplated in 15 U.S.C. §1681s-2.

7. Defendant Trans Union LLC ("Trans Union") is believed to be an Illinois limited liability company.

8. Trans Union is a "consumer reporting agency" as that term is contemplated in 15 U.S.C. §1681a(f).

9. Defendant Equifax Information Services, LLC ("Equifax"), is believed to be a Georgia limited liability company.

10. Equifax is a "consumer reporting agency" as that term is contemplated in 15 U.S.C. §1681a(f).

11. Defendant Experian Information Solutions, Inc. ("Experian"), is believed to be a Texas limited liability company.

12. Experian is a "consumer reporting agency" as that term is contemplated in 15 U.S.C. §1681a(f).

## JURISDICTION

13. Subject matter jurisdiction is conferred by the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681p, actionable through 28 U.S.C. §1337.

Complaint
Page 3 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

14. Venue is proper in this district as defendants do business in this district, Plaintiff resides in this district and the harm complained of occurred, in part, in this district.

## STATEMENT OF CLAIM

15. Prior to January 1, 2009, Ms. Siderius applied for and received a home mortgage loan from Countrywide Home Loans ("Countrywide") or one of its parents, subsidiaries or affiliated companies.

16. As of March, 2009, Bank of America either purchased the Countrywide entity that previously held Ms. Siderius's mortgage note, Countrywide changed its name to Bank of America or Countrywide became one of Bank of America's subsidiaries or affiliated companies doing business under the control of Bank of America.

17. As of March, 2009, Bank of America held Ms. Siderius's home mortgage note and serviced the loan through BAC.

18. BAC and Bank of America did at all times relevant act as agents for each other for the servicing of Ms. Siderius's home mortgage loan.

19. Due to a financial hardship, Ms. Siderius made the November and December of 2008 payments on the mortgage loan late.

Complaint
Page 4 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

20. In January of 2009, Ms. Siderius paid the November and December 2008 mortgage payments.

21. Since January of 2009, Ms. Siderius has not been delinquent on any mortgage payments.

22. In May of 2009, Ms. Siderius applied to Bank of America for and Bank of America approved a Home Affordable Trial Modification Program Loan Workout Plan.

23. Pursuant to the Home Affordable Modification Program, the Trial Modification was supposed to be for a three month period, after which time the loan was to be permanently modified.

24. Ms. Siderius's permanent Loan Modification application to Bank of America was pending for 18 months from May 2009 through December 1, 2010.

25. On or about December 1, 2010, Ms. Siderius received correspondence from Bank of America saying that it denied her a permanent loan modification.

26. At all times material hereto, Ms. Siderius's mortgage loan pertaining to this action was a performing, current loan obligation.

Complaint
Page 5 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

27. By June 2009 and to the present time, Bank of America, acting on its own and through its agent BAC, has furnished information on Ms. Siderius's mortgage loan to consumer reporting agencies including Trans Union, Experian and Equifax.

28. Since on or about June of 2009 to the present, Bank of America and BAC have inaccurately and wrongly furnished information about Ms. Siderius's mortgage loan on more than one occasion to consumer reporting agencies, including Trans Union, Experian and Equifax, stating that Ms. Siderius was from 30 to 120-days late on her mortgage for payment periods after December of 2008, that the loan was in "collection" status and other inaccurate derogatory information about the loan.

29. Ms. Siderius contacted Bank of America on numerous occasions in 2009 and 2010 asking it to correct the inaccurate information it was reporting to the consumer reporting agencies.

30. After notifying Bank of America of her dispute relating to the information it was furnishing to the consumer reporting agencies, Ms. Siderius wrote numerous letters to each defendant Trans Union, Equifax and Experian, disputing the accuracy of the information each agency was reporting on her Bank of America

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

mortgage loan. Ms. Siderius asked Trans Union, Equifax and Experian to investigate and correct its records to correct the inaccurate information.

31. The inaccurate information relating to the Bank of America mortgage loan in Ms. Siderius's consumer file with Trans Union, Equifax and Experian was a substantial factor in the decision of creditors and potential creditors to take negative or adverse actions against her including but not limited to: (1) Credco Credit Union, Capital One Bank and Scott Credit Union denying her credit applications for a car loan; (2) lenders declining to offer her a home loan when she relocated from Alabama to Spokane, Washington; (3) the Spokane Teacher's Credit Union denying her application for a debt consolidation loan; (4) credit card companies and creditors on open-ended credit accounts closing her accounts or lowering her credit limit; and (5) creditors increasing the interest rates on existing credit balances.

32. Bank of America's refusal to correct its reporting and the consumer reporting agencies' refusal to correct their files caused Ms. Siderius significant stress, anxiety, embarrassment, humiliation, emotional distress, loss of sleep, loss of appetite, interfered with her ability to concentrate, interfered with her work, interfered with her personal relationships, interfered with her peace of mind and

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

caused her emotional distress. Additionally, Ms. Siderius suffered emotional distress over whether her employer, the federal government, would become aware of the inaccurate information and, relying upon it, terminate her employment.

33. On or about November 9, 2009, Bank of America wrote to Ms. Siderius advising her that it had reviewed the mortgage account and that it advised its Credit Department to "report to all three credit reporting bureaus that the loan has been current since May of 2009, in order to remove the negative credit reporting from your credit reports."

34. Since November of 2009, each consumer reporting agency has repeatedly removed and subsequently reinserted into her consumer reports an inaccurate entry of "late over 120 days" and other inaccurate derogatory information regarding the mortgage loan without providing Ms. Siderius any notice of the reinsertion.

35. Ms. Siderius discovered the reinserted inaccurate entry of "late over 120 days" on the mortgage loan with each consumer reporting agency, and disputed the accuracy of the loan again. But despite her disputes to the consumer reporting agencies, the inaccurate entry continued to reappear.

36. Ms. Siderius communicated almost every month from September of 2009 through July of 2010 with Bank of America disputing its inaccurate reporting of

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

her mortgage to the consumer reporting agencies. In spite of these repeated communications, Bank of America and BAC continued to report the mortgage inaccurately.

37. In response to Ms. Siderius's disputes of the inaccurate information on the mortgage loan, the consumer reporting agencies wrongly verified inaccurate information.

38. Section 1681e of the act requires Trans Union, Equifax and Experian, as credit reporting agencies, to follow reasonable procedures to assure the maximum possible accuracy of the information it reports pertaining to Ms. Siderius.

39. The consumer reporting agencies wrongly relied upon Bank of America and BAC's response to the disputes and verified inaccurate information without giving due consideration to the information Ms. Siderius provided to the agencies with her disputes.

40. Upon receiving notice of a disputed account from a consumer reporting agency, sec. 1681s-2(b) of the act requires Bank of America and BAC, as furnishers of information to a consumer reporting agency, to conduct an investigation, review all relevant information and to accurately reply to the consumer reporting agency's inquiry.

Complaint
Page 9 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

41. Each consumer reporting agency knew or should have known that it was unreasonable to reply upon Bank of America's response to the reinvestigations.

42. Each consumer reporting agency unreasonably relied upon Bank of America's responses to the reinvestigations.

43. Each consumer reporting agency failed to review or reasonably consider the information Ms. Siderius provided with her disputes when determining what action each would take on her disputes.

44. Where a consumer submits to a consumer reporting agency a statement of a dispute following the agency's reinvestigation, § 1681i(c) of the act requires the agency to include in any subsequent report containing the disputed information a clear notation that the information is disputed by the consumer and the agency must provide either the consumer's statement or a clear and accurate codification or summary thereof.

45. After receiving the results of each consumer reporting agency's reinvestigation, Ms. Siderius submitted a statement of her dispute to each agency on numerous occasions. The consumer reporting agencies thereafter failed to note Ms. Siderius's dispute over the information included in subsequent reports and

Complaint
Page 10 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

filed to provide her statement or a clear and accurate codification or summary thereof.

46. Each defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

47. Each defendant obtained or had available substantial written materials that informed it of its duties under the FCRA. Any reasonable provider of financial products, like Bank of America, and consumer reporting agency, like Experian, Equifax and Trans Union, knows about or should know about and can easily discover these mandates.

48. Despite knowing of these legal obligations, each defendant willfully failed to perform its duties under the FCRA with regard to furnishing, reporting and handling the disputes relating to Ms. Siderius's Countrywide mortgage loan or acted in reckless disregard of her rights.

49. In the alternative to Plaintiff's allegations that these violations were willful, she alleges that each defendant failed to exercise due care in performing its obligations to Ms. Siderius under the FCRA, acting negligently, with regard to the furnishing, reporting and handling of her disputes relating to her mortgage loan.

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

50. Each defendant is liable to Plaintiff for her actual damages or, where the violation is willful, actual damages or statutory damages from $100.00 to $1,000.00 in lieu of actual damages, and punitive damages for each violation alleged herein under §1681n or §1681o.

51. As additional relief, Ms. Siderius is entitled to recover attorney's fees and costs under §1681n and §1681o.

## COUNT I
## FIRST CLAIM FOR RELIEF AGAINST BANK OF AMERICA & BAC

52. Plaintiff incorporates paragraphs 1 through 51 herein.

53. Bank of America and BAC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by verifying inaccurate information about Ms. Siderius's mortgage loan to consumer reporting agencies to include Trans Union, Equifax and Experian; by failing to include a notation that this debt was disputed when furnishing information about Ms. Siderius's loan to the consumer reporting agencies; and by failing to fully and properly investigate Ms. Siderius's dispute of the information they were reporting to the consumer reporting agencies.

54. As a result of the violations alleged herein, Plaintiff suffered damages.

Complaint
Page 12 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

## COUNT II
## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION

55. Plaintiff incorporates paragraphs 1 through 51 herein.

56. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy of the information in its consumer file for Plaintiff and in consumer reports pertaining to Plaintiff that it provided to users of consumer reports.

57. As a result of the violations alleged herein, Plaintiff suffered damages.

## COUNT III
## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

58. Plaintiff incorporates paragraphs 1 through 51 herein.

59. Trans Union violated 15 U.S.C. § 1681i by: failing to delete inaccurate information in Ms. Siderius's consumer file after she communicated her disputes over the inaccuracies; failing to conduct a reasonable reinvestigation; failing to forward all relevant information to Bank of America and BAC; failing to accurately describe to Bank of America and BAC Ms. Siderius's disputes; unreasonably relying upon verifications from Bank of America and BAC; and failing to note her dispute or provide her statement or a summary or codification of

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

her dispute in reports subsequent to receiving her consumer statement following its reinvestigation.

60. As a result of the violations alleged herein, Plaintiff suffered damages.

## COUNT IV
## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

61. Plaintiff incorporates paragraphs 1 through 51 herein.

62. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy of the information in its consumer file for Plaintiff and in consumer reports pertaining to Plaintiff that it provided to users of consumer reports.

63. As a result of the violations alleged herein, Plaintiff suffered damages.

## COUNT V
## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

64. Plaintiff incorporates paragraphs 1 through 51 herein.

65. Equifax violated 15 U.S.C. § 1681i by: failing to delete inaccurate information in Ms. Siderius's consumer file after she communicated her disputes over the inaccuracies; failing to conduct a reasonable reinvestigation; failing to forward all relevant information to Bank of America and BAC; failing to accurately describe to Bank of America and BAC Ms. Siderius's disputes;

Complaint
Page 14 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

unreasonably relying upon verifications from Bank of America and BAC; and failing to note her dispute or provide her statement or a summary or codification of her dispute in reports subsequent to receiving her consumer statement following its reinvestigation..

66. As a result of the violations alleged herein, Plaintiff suffered damages.

## COUNT VI
## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

67. Plaintiff incorporates paragraphs 1 through 51 herein.

68. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy of the information in its consumer file for Plaintiff and in consumer reports pertaining to Plaintiff that it provided to users of consumer reports.

69. As a result of the violations alleged herein, Plaintiff suffered damages.

## COUNT VII
## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

70. Plaintiff incorporates paragraphs 1 through 51 herein.

71. Experian violated 15 U.S.C. § 1681i by: failing to delete inaccurate information in Ms. Siderius's consumer file after she communicated her disputes over the inaccuracies; failing to conduct a reasonable reinvestigation; failing to

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

forward all relevant information to Bank of America and BAC; failing to accurately describe to Bank of America and BAC Ms. Siderius's disputes; unreasonably relying upon verifications from Bank of America and BAC; and failing to note her dispute or provide her statement or a summary or codification of her dispute in reports subsequent to receiving her consumer statement following its reinvestigation.

72. As a result of the violations alleged herein, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff Caroline Siderius demands judgment against defendants, jointly and severally, for all relief to which she is entitled under the law of her claims, to include:

(a) Actual damages, including pre-judgment and post-judgment interest at the legal rate;

(b) Statutory damages;

(c) Punitive damages;

(d) Declaratory judgment;

(e) Attorney's fees and costs; and

(f) Such other and further relief as the Court shall deem just and proper.

Complaint
Page 16 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated this __25__ th day of January, 2011.

*Karen Lindholdt*
Karen Lindholdt, WSBA #24103

Attorney for CAROLINE SIDERIUS

Complaint
Page 17 of 17

Karen S. Lindholdt
Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509)744-1100 Telephone
(509) 326-2932 Facsimile