UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLINE SIDERIUS, | NO:  11-CV-00032-TOR |
| Plaintiff, | |
| | ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER |
| v. | |
| BANK OF AMERICA, NA; BAC and HOME LOANS SERVICING, LP, | |
| Defendants. | |

BEFORE THE COURT is the parties' joint motion for protective order (ECF 93). Having reviewed the motion and the files herein, the Court is fully informed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The parties agree that certain documents and tangible things produced by Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP ("BANA") in response to any Interrogatory or request for production, or to any party by a non-party in response to any subpoena duces tecum, may be subject to the terms and conditions herein. For purposes of this

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 1

Stipulated Protective Order, the word "documents" shall have the meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure, and its meaning includes, but is not limited to: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers filed in this action; (3) requests to admit and responses thereto filed in this action; (4) transcripts of and exhibits to depositions; (5) and any portions of any court papers filed in this action that quote from or summarize any of these items.

In no event shall any material obtained through discovery in this litigation be used for any purpose whatsoever other than those related to this litigation.

## 1. TYPE AND CATEGORIES OF DOCUMENTS SUBJECT TO ORDER

The parties have requested and may continue to request certain documents of one another that the respective producing party contends contain confidential information, and that are subject to protection as confidential under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

The documents and materials subject to designation as "**CONFIDENTIAL**" include, but are not limited to, BANA's documents, information and materials and materials that contain information that is proprietary in nature; contain trade secrets; contain customer information; contain employee information; or contain agent or subcontractor information.

## 2. DESIGNATION

If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request are confidential and should not be

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 2

disclosed other than in connection with this civil action and pursuant to this Stipulated Protective Order, the party or attorney requesting confidentiality (the "Designating Party") shall stamp each such document or other material as **"CONFIDENTIAL – Subject to Protective Order**." With respect to deposition exhibits, it shall be the duty of the Designating Party to designate as confidential the exhibits to which confidentiality is claimed at the time of the deposition or within fifteen (15) days after receiving the deposition transcript.

With respect to any documents received pursuant to third-party subpoenas, the party which subpoenaed and received the documents shall, upon request, promptly copy such documents as are requested, at the requesting party's expense, and send the copies to the requesting party. The parties shall have fifteen (15) days after receipt of the documents by the requesting party to designate documents as confidential. The Designating Party shall notify the opposing party in writing of the Bates numbers of the confidential documents so that the opposing party can mark its copies of those documents with the "**CONFIDENTIAL – Subject to Protective Order"** stamp. Printed copies of the unmarked documents designated confidential shall be destroyed. Third-party documents shall be treated as confidential prior to the expiration of the 15-day period, unless the parties give notice before the end of that period that they do not intend to designate the third-party documents as confidential.

**3. ACCESS TO CONFIDENTIAL INFORMATION**

Except as hereinafter provided, material marked or otherwise designated as "**CONFIDENTIAL**" shall not be disclosed to any person except:

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 3

(1) The parties;

(2) Counsel of record for the parties, consisting of Lane Powell PC, Karen S. Lindholdt, Consumer & Employment Law Center of Wisconsin, S.C., Montgomery Purdue Blankinship & Austin, Schukit & Associates PC, Wilson Smith Cochran Dickerson, Jones Day, and Winston and Cashatt, including attorneys for the respective firms and supporting personnel employed by the firms, such as paralegals, legal translators, legal secretaries, law clerks, and litigation support employees;

(3) Outside counsel for Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, Reed Smith LLP, including attorneys and supporting personnel employed by Reed Smith LLP, such as paralegals, legal translators, legal secretaries, law clerks, and litigation support employees;

(4) Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

(5) Other individuals or entities retained by counsel identified in paragraphs (1) and (2) above specifically engaged to assist in this litigation, including litigation consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial; provided, however, that the person or entity has signed an undertaking in the form attached as Exhibit A, the original of which will be maintained by

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 4

counsel retaining such individuals or entities and need not be disclosed except upon Court order;

(6) Witnesses at a deposition, subject to the provisions related to use of confidential information at a deposition provided in section 5 below.

(7) Witnesses at trial; provided, however, that any such witness has signed an undertaking in the form attached as Exhibit A or states on the record that the witness agrees to be bound by the terms of this Stipulated Protective Order or as otherwise permitted by the Court;

(8) The Court, its officers and staff, and court stenographers while engaged in the performance of their official duties; and

(9) Mediators in this action.

## 4. PARTY'S RIGHT TO DESIGNATE TESTIMONY

Any deposition or other testimony may be designated as confidential by counsel for the Designating Party by any of the following means:

(a) Stating orally on the record of a deposition that certain information or testimony pertaining to such information is Confidential – Subject to Protective Order, or that the entire deposition transcript is so designated; or

(b) Sending written notice within fifteen (15) days of receipt of the deposition transcript designating the appropriate portion(s) of the transcript as confidential. The deposition testimony shall be treated as confidential prior to the expiration of this period.

## 5. USE OF INFORMATION

Information designated as "**CONFIDENTIAL**" shall be held in confidence

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 5

by each person to whom it is disclosed, shall be used only in connection with this litigation, shall not be used for any business purpose unrelated to this action. No party or attorney or other person subject to this Stipulated Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Stipulated Protective Order. All produced confidential information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing herein, however, is intended to prohibit or proscribe the ability of counsel to provide to their client informed and meaningful advice, or to prevent counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose confidential information.

Any party seeking to use confidential information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulated Protective Order. If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Stipulated Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Stipulated Protective Order from attending that portion of the deposition at

which confidential information is discussed.

**6. CHALLENGES TO DESIGNATIONS AND FILING OF CONFIDENTIAL DOCUMENTS**

If a non-asserting party objects to a designation of a document or other material as confidential, the non-asserting party shall provide a written objection to the designating party as to the designation of material as confidential. The designating party shall submit a motion to the court within ten (10) days of such objection or the material will not be subject to this order. The parties are to confer, consistent with obligations under Fed. R. Civ. P. 37 and local rule, prior to filing such a motion to resolve or minimize the issues for the Court's determination. If a motion is timely filed by the designating party, the material will be subject to this order pending a ruling by the Court.

If any party or attorney wishes to file or use as an exhibit or as evidence at a hearing or trial in this civil action any "**CONFIDENTIAL**" document or other material, he or she must provide reasonable notice to the party that produced the document or other material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either: (a) removing the "**CONFIDENTIAL**" marking; or (b) creating a mutually acceptable redacted version that suffices for purposes of this civil action. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to this Court for resolution. The proponent of continued confidentiality must provide written notice to the non-asserting party specifying its factual and legal grounds for requiring the filing of the subject records under seal. The party asserting

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 7

confidentiality will have the burden of persuasion that the document or other material should be withheld from the public record.

**7. RETURN OF DOCUMENTS**

The terms of this Stipulated Protective Order shall survive and remain in full force and effect after the termination of this litigation. Upon demand within sixty (60) days after final conclusion of all aspects of this litigation, including any appeal by any party, all confidential documents subject hereto and all copies of the same (other than those filed with the Court) shall be returned to the party or person that produced such documents or, at the option of the producer, destroyed; provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this litigation, which information shall not be disclosed to any other person except pursuant to a court order and pursuant to paragraph 9 below.

**8. APPLICATION TO COURT**

Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential material and the right to apply to the Court at any time for an order modifying or lifting the protective order for good cause shown.

**9. REQUEST FOR CONFIDENTIAL DOCUMENTS**

If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Stipulated Protective Order, that party must notify counsel for the Designating Party within a reasonable time

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 8

prior to producing any confidential information.

## 10. EFFECT OF DESIGNATION ON AUTHENTICITY AND ADMISSIBILITY

The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether confidential or not.

## 11. CONTINUING JURISDICTION

All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 19th day of April, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 9